UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────X
MICHAEL REEVES,

            Plaintiff,                **MEMORANDUM & ORDER**

    -against-                       24-cv-2408 (NRM) (MMH)

CITY OF NEW YORK, *et al.*,

            Defendants.
──────────────────────────────X

**NINA R. MORRISON,** United States District Judge:

Plaintiff Michael Reeves, proceeding *pro se,* commenced this action under 42 U.S.C. § 1983 and the New York City Human Rights Law (NYCHRL) against Defendants Destiny Davila, unnamed New York City Police ("NYPD") officers, and the City of New York related to an arrest and seizure of his cellphone. Plaintiff filed the instant motion seeking a temporary restraining order and preliminary injunction "against immigration authorities, to preclude all investigations, unfair seizures, detention and harassment, pending the resolution of this case." Pl. Mot. for TRO, ECF No. 26, at 1–2. Although Plaintiff requests injunctive relief against United States Immigration and Customs Enforcement ("ICE"), ICE is not a party to this action. For the reasons set forth below, Plaintiff's motion is denied.

## BACKGROUND

### I. Plaintiff's Allegations

Plaintiff filed this action on March 17, 2024, in the Southern District of New York. ECF No. 1, ("Compl."). It was transferred to the Eastern District of New York on March 29, 2024. ECF No. 5.

1

Plaintiff brings claims that include false arrest, excessive force, malicious prosecution, municipal liability, negligent and intentional infliction of emotional distress, and conspiracy against Defendants Destiny Davila, unnamed NYPD police officers, and the City of New York. Compl., at 16–24.[1] Plaintiff also brings claims of illegal search and seizure of his cellphone against Defendant Davila. Compl. at 18. Plaintiff alleges that on March 12, 2024, he was falsely arrested at his Brooklyn apartment on attempted rape charges. *Id*. at 14. Plaintiff alleges that around 6:00 a.m. on March 12, 2024, he was violently handcuffed and arrested by three officers outside his home after officers kicked on the door and threatened to break into the apartment if he did not exit the apartment. *Id*. at 14. He was then taken to a precinct in Brooklyn and was there for hours before being transported to central booking. *Id*. at 14. While at the precinct, Plaintiff signed an "unconstitutional consent form" giving officers access to search his cellphone. *Id*. at 7. Plaintiff's personal items, including his shoelaces, belt, coat and two cellphones, were seized. *Id*. at 7.

Plaintiff was released from central booking around 1:00 a.m. on March 13, 2024. *Id*. at 10. Upon his release, he was informed that the District Attorney had decided not to prosecute him "due to inconsistencies in the victim's statement." *Id*. He was released without any of his previously seized property. *Id*. However, when he got to the precinct, he was only given back one of his two phones. *Id*. Plaintiff alleges that he was humiliated and arrested because he is a Black man, and that his

---

[1] All page references use ECF pagination except where noted.

2

targeting is consistent with the City of New York's treatment of Black men. *Id.* at 15–16.

On February 22, 2025, Plaintiff filed a motion for leave to amend his complaint, which this Court referred to Magistrate Judge Henry and is still pending before her. *See* Mot. for Leave to File Document, ECF No. 55; Order Referring Motion dated February 26, 2025. The proposed amended complaint is identical to the original complaint except for the first seven pages in which Plaintiff discusses allegations including that he was followed and assaulted by drones on multiple occasions between November 2024 through January 2025. Pl.'s Mot. to Amend., ECF No. 55, at 2–4, 7. In the motion for leave to amend, Plaintiff seeks to add the "United States" as a defendant. *Id.* at 1–2. There is no mention of ICE in either his Complaint or his proposed amended complaint.

**II. The Instant Motion**

On August 23, 2024, Plaintiff filed the instant motion seeking a temporary restraining order and preliminary injunction "against immigration authorities, to preclude all investigations, unfair seizures, detention and harassment, pending the resolution of this case." Pl. Mot. for TRO ("Pl. Mot."), ECF No. 26, at 1–2.

Plaintiff claims that ICE conspired with the NYPD to have him arrested on March 12, 2024, so that ICE would have a basis to get an administrative warrant to stop Plaintiff's proceedings in federal court. *Id.* at 5.[2] He claims that the NYPD Defendants in this action are "hoping" for ICE to detain Plaintiff so that he would be

---

[2] It is not clear if Plaintiff is referring to this action or other actions in this Court or a different federal court.

3

unable to present his case against the NYPD. *Id.* at 5–6. He also claims that ICE has spent tens of thousands of dollars on surveillance on him in attempt to get him arrested, contacted the New York Medicaid Office and "got his health insurance cancelled," called Fordham University and told them that Plaintiff did not qualify for financial aid, called New York Department of Social Services and "got them to stop the application for rental assistance," and "has been running propaganda at the public auction where [Plaintiff] gets his vehicles." *Id.* at 7.

Plaintiff claims that he "won" his immigration case in 2019 and attached an order from an immigration judge in which he was granted deferral of removal under the Convention Against Torture.[3] *Id.* at 6, 11.

## **LEGAL STANDARD**

"A preliminary injunction is an extraordinary and drastic remedy" and "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *State Farm Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Practice P.C.*, 120 F.4th 59, 79 (2d Cir. 2024) (internal quotation marks omitted). "[A] plaintiff seeking a preliminary injunction must make a clear showing that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction

---

[3] *See* 8 C.F.R. § 1208.17(a) (deferral of removal under the Convention Against Torture).

4

is in the public interest." *Starbucks Corp. v. McKinney*, 602 U.S. 339, 346 (2024) (internal quotation marks omitted).[4]

In addition, "[c]ourts are to read a *pro se* litigant's papers 'liberally' and 'interpret them to raise the strongest argument that they suggest.'" *Vann v. Wolfe-Friedman*, No. 23-CV-0236 (NSR), 2025 WL 35058, at *3 (S.D.N.Y. Jan. 6, 2025) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 791 (2d Cir. 1994)). However, *pro se* status does not "exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks omitted).

## **DISCUSSION**

As a threshold matter, "[i]t is inappropriate for the [C]ourt to grant a request for injunctive relief that is unrelated to the claims and the defendants in the complaint." *Williams v. N.Y.C. Dep't of Corr.*, No. 19-CV-3347 (LJL) (JLC), 2020 WL 7079497, at *2 (S.D.N.Y. Dec. 3, 2020) (internal quotation marks omitted). As such, "a preliminary injunction in this case can be based only on conduct by the named defendants and alleged in the complaint." *Lopez v. Dzurenda*, No. 3:08-CV-161 (SRU), 2008 WL 5101959, at *2 (D. Conn. Dec. 1, 2008); *see also Whitehead v. Walt Disney Co.*, No. 24-CV-02283 (MMG), 2024 WL 3678257, at *1 (S.D.N.Y. July 23,

---

[4] "[I]n this Circuit, the standard for an entry of a temporary restraining order is the same as for a preliminary injunction." *Pollafko, Inc. v. Okulos Comércio Varejista De Produtos Ópticos LTDA*, No. 22-CV-5497 (NGG) (RLM), 2022 WL 4451248, at *3, n.4 (E.D.N.Y. Sept. 23, 2022); *Loc. 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. N.Y. Shipping Ass'n*, 965 F.2d 1224, 1228 (2d Cir. 1992) ("[T]he traditional standards which govern consideration of an application for a temporary restraining order . . . are the same standards as those which govern a preliminary injunction . . . .").

2024) ("[A] request for injunctive relief must necessarily be tied to the specific claims on which the plaintiff is proceeding."); *Akinlawon v. Polonco*, No. 21-CV-2621 (KMK), 2023 WL 6216724, at *21 (S.D.N.Y. Sept. 25, 2023) (discussing Second Circuit case law holding "that a transfer from a prison facility moots an action for injunctive relief against the transferring facility" (internal quotation marks omitted)). While Federal Rule of Civil Procedure 65(d) "provides a limited exception to the principle that a court may not enjoin non-parties," Plaintiff has not shown that this case is one of those limited exceptions. *Mattel, Inc. v. www.fisher-price.online*, No. 21-CV-9608 (LJL), 2022 WL 2801022, at *13 (S.D.N.Y. July 18, 2022).[5]

Here, ICE is not a named defendant. *See* Compl. at 1, 3, 12–13. And although this motion was filed in August 2024, no one from ICE has been given notice of Plaintiff's motion for preliminary injunctive relief. That alone is grounds for denial. *See, e.g.*, *Whitehead*, 2024 WL 3678257, at *1 (denying motion for preliminary injunction that was "against an individual who is not a defendant" and "is not mentioned anywhere in [p]laintiff's complaint," and that requested Court action regarding a separate nonparty "who has not been served" and "has no apparent connection . . . to the litigation" before the court); *Spiteri v. Russo*, No. 12-CV-2780 (MKB), 2012 WL 5289586, at *6 (E.D.N.Y. Oct. 19, 2012) ("[T]o the extent [p]laintiff is seeking to enjoin the NYPD Sex Offender Unit, said defendant has not been served and this Court therefore has no jurisdiction to enjoin the actions of said entity.").

---

[5] Under Rule 65(d), a court may enjoin officers, agents, servants, employees, attorneys, and others in "active concert and participation" with the enjoined defendant(s) who have notice of the injunction. Fed. R. Civ. P. 65(d).

Moreover, Plaintiff's allegations that ICE ordered NYPD to surveil him and conspired with NYPD in the arrest that led to the seizure of his phone lack any further detail and are unsubstantiated (*see* Pl. Mot. at 5, 7) — nor do they appear anywhere in his Complaint. As such, Plaintiff's "unsupported assertion about the relationship between the defendants and a non-party is not sufficient to carry his burden to . . . obtain extraordinary relief." *Umeze v. N. Y. State Dep't of Health*, No. 24-CV-7425 (MKV), 2024 WL 5168509, at *2 (S.D.N.Y. Dec. 19, 2024).

Accordingly, even under the generous review afforded to *pro se* litigants, Plaintiff has not satisfied his burden of demonstrating that the Court should issue a preliminary injunction against non-party ICE.

## CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's motion for a temporary restraining order or for any other preliminary injunctive relief. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies Plaintiff *in forma pauperis* status for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated: March 31, 2025
    Brooklyn, New York

7