UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
MICHAEL REEVES,

                      Plaintiff,

            -against-

CITY OF NEW YORK, *et al.*,

                    Defendants.
------------------------------------------------------------------- x

**REPORT AND RECOMMENDATION**

24-CV-2408 (NRM)(MMH)

**MARCIA M. HENRY**, United States Magistrate Judge:

    *Pro se* Plaintiff Michael Reeves sued Defendants the City of New York ("the City"), Detective Destiny Davila of the New York City Police Department ("NYPD"), and other unnamed NYPD officers, alleging violations of 42 U.S.C. § 1983 and the New York City Human Rights Law related to his arrest and seizure of his cellphone. (*See generally* Compl., ECF No. 1.)[1] Before the Court is Plaintiff's motion for leave to amend the Complaint, pursuant to Federal Rule of Civil Procedure 15(a)(2), which Defendants oppose. (ECF Nos. 55, 58, 60.) For the reasons set forth below, the Court respectfully recommends that Plaintiff's motion should be **denied**.

**I.    BACKGROUND**

    The Court assumes familiarity with the factual and procedural history as set forth in prior orders in this case. (*See, e.g.*, June 28, 2024 Order, ECF No. 8; Mar. 31, 2025 Order, ECF No. 62.) In sum, "Plaintiff brings claims that include false arrest, excessive force, malicious prosecution, municipal liability, negligent and intentional infliction of emotional

---

[1] All citations to documents filed on ECF are to the ECF document number and pagination in the ECF header unless otherwise noted.

distress, and conspiracy" against Defendants, and claims of illegal search and seizure of his cellphone against Davila. (*Id.* at 2; *see also id.* at 2–3 (describing the alleged false arrest).)

Plaintiff filed this action on March 17, 2024, in the Southern District of New York, which transferred the case to this district on March 29, 2024. (ECF Nos. 1, 5.) On June 28, 2024, this Court granted Plaintiff's motion to proceed *in forma pauperis* and requested Corporation Counsel for the City of New York to identify the John and Jane Doe police officers for service of process. (June 28, 2024 Order, ECF No. 8.)[2] On August 23, 2024, Plaintiff filed an emergency motion for temporary restraining order and preliminary injunction "against immigration authorities, to preclude all investigations, unfair seizures, detention and harassment, pending the resolution of this case."[3] (*See* Pl.'s Mot. for TRO, ECF No. 26 at 2.) Judge Morrison denied Plaintiff's emergency motion on March 31, 2025. (Mar. 31, 2025 Order, ECF No. 62.)

Meanwhile, in October 2024, the City and Davila moved to dismiss Plaintiff's claims against them with prejudice, which Plaintiff opposed. (ECF Nos. 39, 47.) The Court denied Plaintiff's request for discovery pending decision on the motion. (Nov. 4, 2024 Order; Nov. 22, 2024 Order.) On February 21, 2025, Plaintiff requested to stay this case, which the Court also denied. (Mot. to Stay, ECF No. 53; Feb. 26, 2025 Order.) The next day, Plaintiff moved for leave to amend the Complaint. (ECF No. 55.) Judge Morrison referred Plaintiff's motion for report and recommendation. (Feb. 26, 2025 Order Referring Mot.) Defendants opposed

---

[2] The Corporation Counsel complied with the Court's Order on September 11, 2024. (ECF No. 28; Oct. 18, 2024 Order.)

[3] Plaintiff's submissions are quoted verbatim without edits for spelling or grammar.

the instant motion (Defs.' Opp'n, ECF No. 58) and Plaintiff replied on March 23, 2025. (Pl.'s Reply, ECF No. 60.)

Plaintiff seeks to add the United States as a defendant, alleging that the United States "has conspired with other defendants and has deliberately tried to interfere with this current case" by using "what is believed to be a FISA warrant or similar, obtained without sufficient probable cause." (Proposed Am. Compl., ECF No. 55 at 7.) Plaintiff also requests to add a claim entitled "COUNT X (ALL DEFENDANTS) - Conspiracy," which states, "All of the defendants are accused of conspiracy to harm the plaintiff and destroy his property." (*Id.* at 27.)

## II. DISCUSSION

After the time expires for amending a pleading as of right, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* However, "'motions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party.'" *Zirin Tax Co., Inc. v. United States ex rel Comm'r of Internal Revenue Serv.*, No. 24-CV-1511 (NCM)(MMH), 2025 WL 626500, at *3 (E.D.N.Y. Feb. 16, 2025), *adopted by* 2025 WL 942799 (E.D.N.Y. Mar. 28, 2025) (quoting *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008), which in turn cites *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"Leave to amend may be denied on grounds of futility if the proposed amendment fails to state a legally cognizable claim or fails to raise triable issues of fact." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 726 (2d Cir. 2010) (citing *Milanese v.*

3

*Rust-Oleum Corp.*, 244 F.3d 104, 110–11 (2d Cir. 2001)); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."). "Because the legal standard for futility is identical to the standard for dismissing a claim pursuant to Rule 12(b)(6), a court evaluating a motion to amend a pleading 'must take the allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff.'" *Steele v. Paypal, Inc.*, No. 05-CV-1720 (ILG)(VVP), 2006 WL 3612852, at *1 (E.D.N.Y. Dec. 11, 2006) (quoting *Gallegos v. Brandeis Sch.*, 189 F.R.D. 256, 258 (E.D.N.Y. 1999)).

Because Plaintiff is proceeding *pro se*, the Court shall liberally construe and interpret his submissions to "raise the strongest arguments that they suggest." *Pierre v. City of New York*, 531 F. Supp. 3d 620, 624 (E.D.N.Y. 2021) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). "But despite this special solicitude, [the plaintiff] is still required to plead sufficient facts to state a claim that is plausible on its face." *Raoul v. City of New York Police Dep't,* No. 14-CV-1787 (RRM)(CLP), 2015 WL 1014204, at *1 (E.D.N.Y. Mar. 6, 2015) (citing *Triestman*, 470 F.3d at 474–75).

Plaintiff seeks to add the United States as a defendant based on "newfound evidence" that it was "significantly involved in planning and orchestrating incidents in this case." (Mot. to Am., ECF No. 55 at 2.) Plaintiff also seeks to add a conspiracy claim against all Defendants because they "conspired to harm and to destroy the plaintiff's life." (*Id*. at 3.) Specifically, Plaintiff claims that he "has suffered immensely due to unchecked surveillance and allegations of torture that went into high gear after he requested to retain an attorney in this case." (*Id.*) He also describes multiple and increased instances of surveillance against him between November 2024 and January 2025. (*Id.* at 3–4.) Defendants do not specifically address

4

Plaintiff's request to add the United States as a defendant, but oppose the conspiracy claim as futile.  (Defs.' Opp'n, ECF No. 58 at 2.)  Plaintiff replies that "illegal confiscation of the cell phone and illicit access to its contents" is not "mere speculation" and describes "an individual who maneuvers around [his] personal and professional spaces tormenting" him.  (Pl's Reply, ECF No. 60 at 1.)  He also attaches seven photographs purporting to show a person "confirmed to be involved in the torture and stalking to destroy harm or kill" him.  (*Id*. at 3–10.)  The photographs depict a plain white pick-up truck in a parking lot whose driver wears a white baseball cap and white shirt.  (*See id.*)

Plaintiff's request to add the United States as a defendant should be denied.  "A court may dismiss a claim as 'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic.' or 'delusional.'"  *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992), which quotes *Neitzke v. Williams*, 490 U.S. 319, 325, 327, 328 (1989)).  Plaintiff has alleged "delusional" allegations in other cases that this Court has dismissed.  (*See, e.g.*, *Reeves v. United States Department of Justice* ("*Reeves I*"), No. 25-CV-2857 (NRM)(MMH) (E.D.N.Y.); *Reeves v. Bondi*, No. 25-CV-3021 (NRM)(MMH) ("*Reeves II*").)

> In *Reeves I*, the complaint naming the United States Department of Justice as the defendant, Plaintiff alleges that "he was maliciously added to the terrorist watch list" and "is continuously followed, harassed and tortured by organized groups using intelligence from illegal data" that is "gather[ed] from his personal devices" and via drones and helicopters. ECF No 1 at 2. The amended complaint, which adds the Department of Homeland Security, the National Security Agency and U.S. Immigration and Customs Enforcement as defendants, outlines a series of incidents over the past approximately two years in which he has been allegedly surveilled and harassed. ECF No. 9.

\* \* \*

5

> Plaintiff brings *Reeves II* as a "petition for a writ of habeas corpus." He does not allege that he is physically in defendants' custody, but argues that the "extreme surveillance" he is under has resulted in a form of "unusual detention" from which he seeks release. ECF No. 1 at 1–6. He names as respondents, Pam Bondi, the United States Attorney General, Kash Patel, the Director of the FBI, and Tulsi Gabbard, the Director of National Intelligence. The allegations in *Reeves II* are consistent with *Reeves I*, that is, he alleges that "every move, every word, every keystroke are monitored, recorded and exploited under FISA Section 702," and the "torment" and "constant threat of loud drones hovering overhead" makes it "impossible for him to leave his home." *Id*. at 2.

(*Reeves I*, July 16, 2025 Order, ECF No. 15 at 2–3; *Reeves II*, July 16, 2025 Order, ECF No. 18 at 2–3.)  The proposed Amended Complaint contains similar "fanciful" and "fantastic" allegations.  "The proposed amended complaint is identical to the original complaint except for the first seven pages in which Plaintiff discusses allegations including that he was followed and assaulted by drones on multiple occasions between November 2024 through January 2025." (Mar. 31, 2025 Order, ECF No. 62 at 3)  Specifically, Plaintiff alleges that he is "under a 24 hour surveillance by drones," and that the information gathered "has been unjustly used for pervasive domestic surveillance, and to disrupt, including but not limited to, his life, the instant case – a clear violation of privacy rights."  (Proposed Am. Compl, ECF No. 55 at 7.) Plaintiff also alleges that "his Fourth Amendment rights have been violated through the use of warrantless 'backdoor' searches—a technique which allows access to his communications, and that included his cell phone which was illegally seized by the NYPD and that other protected information have been accessed without proper statutory authority or judicial oversight."  (*Id.*) Plaintiff also claims that he "is a victim of stalking, harassment and even torture, which he believes is a consequence of the evidence gathered under this surveillance warrant which allows to the harsh treatment of those being investigated for terrorism," and that he seeks to "hold [the United States] accountable for these actions."  (*Id.*)  Similar to the claims in *Reeves*

6

*I* and *Reeves II*, Plaintiff's allegations against the United States in the proposed Amended Complaint have no factual basis. Further, although Plaintiff submitted photographs purportedly depicting a person following him, "none of the photographs contain any identifying information . . . that would allow the Court to reasonably find these interactions were initiated by individuals" on behalf of the United States. *See McKinnies v. City of New York*, No. 23-CV-2567 (HG) (JRC), 2024 WL 4333703, at *11 (E.D.N.Y. Sept. 27, 2024) (dismissing *pro se* plaintiff's second amended complaint).

Similarly, Plaintiff's proposed conspiracy claim also fails as a matter of law. "'New York does not recognize civil conspiracy to commit a tort as an independent cause of action.'" *Button v. The New York Times Co.*, No. 24-CV-5888 (MKV), 2025 WL 2643674, at *19 (S.D.N.Y. Sept. 15, 2025) (quoting *Whitfield v. Law Enf't Emps. Benevolent Ass'n*, 233 N.Y.S.3d 615, 619 (2d Dep't 2025)). "Therefore, to the extent that plaintiff alleges conspiracy as a separate cause of action, that separate claim must be dismissed." *Decter v. Second Nature Therapeutic Program, LLC*, 42 F. Supp. 3d 450, 464 (E.D.N.Y. 2014). However, "'[w]hile there is no cognizable action for a civil conspiracy, a plaintiff may plead conspiracy in order to connect the actions of the individual defendants with an actionable underlying tort and establish that those acts flow from a common scheme or plan.'" *Id.* (quoting *Am. Preferred Prescription, Inc. v. Health Mgmt., Inc.*, 678 N.Y.S.2d 1, 3 (1st Dep't 1998)). "To properly plead civil conspiracy for these limited purposes," *see Decter*, 42 F. Supp. 3d at 464, "a plaintiff must allege the primary tort and the specific elements of a conspiracy: (a) a corrupt agreement between two or more persons, (b) an overt act in furtherance of the agreement, (c) the parties' intentional participation in the furtherance of a plan or purpose, and (d) the resulting damage or injury." *Kneitel v. City of New York*, No. 15-

7

CV-6942 (NGG) (LKE), 2025 WL 2712136, at *13 (E.D.N.Y. Sept. 23, 2025) (cleaned up). Defendants correctly note that the proposed amended complaint "recounts [Plaintiff] being followed in December 2024 and January 2025 by unknown individuals with 'sonic weapons,' drone surveillance, radiation, and 'brain surveillance technology,'" which is insufficient to meet this standard. (Defs.' Opp'n, ECF No. 58 at 2; *see also* Proposed Am. Compl, ECF No. 55 at 2–7.) Further amendments would not cure the deficiency. *See Hwang v. Grace Rd. Church (in New York)*, No. 14-CV-7187 (KAM)(RML), 2016 WL 1060247, at *16 (E.D.N.Y. Mar. 14, 2016) (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 50 (2d Cir. 1991)) (denying leave to amend based on futility). Therefore, the Court finds that the proposed conspiracy claim would be futile.

### III.  CONCLUSION

For the foregoing reasons, the Court respectfully recommends that Plaintiff's motion for leave to file the Amended Complaint (ECF No. 55) should be **denied**.

A copy of this Report and Recommendation is being served on all parties via ECF: to counsel for Defendants and to *pro se* Plaintiff because he consented to electronic notification of this Report and Recommendation. (*See* ECF No. 7.) In an abundance of caution, the Clerk of Court is respectfully directed to mail a copy of this Report and Recommendation to *pro se* Plaintiff and to note the mailing on the docket.

Within 14 days of service, any party may serve and file specific written objections to this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Any requests for an extension of time to file objections shall be directed to Judge Morrison. If a party fails to object timely to this Report and Recommendation, it waives any right to further

8

judicial review of this decision.  *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
September 26, 2025

                                       /s/Marcia M. Henry
                                       MARCIA M. HENRY
                                       United States Magistrate Judge